## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

MARVIN J. PERRY, INC.  :
10563 Metropolitan Avenue
Kensington, Maryland 20895  :

    Plaintiff  :

v.  :

HARTFORD CASUALTY INSURANCE  :  CASE No.: 289642-V
COMPANY
Serve: Ralph S. Tyler, Esquire  :  Filed on 12/10/07
525 St. Paul Place
Baltimore, Maryland 21202-2272  :

    Defendant  :

**LAW DEPARTMENT**

**DEC 26 '07**

### COMPLAINT
(Breach of Contract and Declaratory Judgment)

**RECEIVED**

Comes now the Plaintiff, Marvin J. Perry, Inc. (MJP) by and through undersigned counsel, and as and for its complaint against the defendant Hartford Casualty Insurance Company ("Hartford") says as follows:

### JURISDICTION AND VENUE

1. This Court may exercise jurisdiction over the parties and subject matter of this Complaint pursuant to Md. Code Cts. & Jud. Proc. Art. §§ 1-501, 3-401 to 415, 6-102 and/or 6-103. Venue is proper pursuant to Md. Code Cts. & Jud. Proc. Art. §§ 6-201 - 6-203.

### PARTIES

2. MJP is a Maryland corporation in good standing engaged primarily in the business of acting as a manufacturers' representative in connection with the sale of furniture.

1


EXHIBIT 1

3. Hartford is a foreign corporation engaged in the commercial insurance business, and all material times has been MJP's commercial insurer in the state of Maryland.

## FACTS

4. In or about 2005, MJP and affiliated business entities and officers were sued by a former business associate, Perry & Wilson, Inc. The complaint was filed in the United States District Court for the District of Maryland, and was styled Perry & Wilson, Inc. v. Marvin J. Perry, Inc., et al., C.A. No. 05-cv-3126 (MJG) ("Lawsuit"). The counts of the complaint were titled "Unfair Competition by Infringement of Common Law Rights" and "Dilution in Violation of Federal Anti-Dilution Statute." The complaint sought monetary damages from MJP for, *inter alia*, claimed advertising injuries.

5. In 2006, after consulting with new counsel, MJP tendered the defense of the Lawsuit to Hartford as a suit alleging a covered claim under Hartford's "personal and advertising injury" coverage.

6. Hartford denied it had a duty to defend the Lawsuit. MJP tendered the defense on several occasions, and Hartford repeatedly denied a duty to defend.

7. MJP's commercial policy with Hartford, policy No. 42SBAKZ2477 and/or predecessor policies contain coverage for certain advertising injuries, and obligated Hartford to defend MJP in the Lawsuit.

8. MJP paid for the defense of the lawsuit through privately retained counsel, and incurred approximately Five Hundred Forty Thousand and Seven Dollars and Ninety Five Cents ($540,007.95) in attorneys' fees and costs.

9. The Lawsuit was settled in or about early 2007.

2

10. Hartford wrongly failed and/or refused to assume the defense of the Lawsuit.

11. Hartford owed a duty to defend MJP in the Lawsuit, and owes a duty to reimburse MJP for legal fees it incurred in the defense of the Lawsuit and in bringing the present action.

## COUNT I
### (Breach of Contract)

12. Paragraphs 1 through 11 are incorporated by reference as if fully set forth herein.

13. MJP, at all material times hereto, was an insured under Hartford's policy, or one of its predecessor policies.

14. Hartford owed a duty to defend MJP in the Lawsuit.

15. Despite MJP's tender of the defense of MJP in the Lawsuit, Hartford wrongly and in violation of its policy obligations, failed and/or refused to assume the defense of MJP in the Lawsuit.

16. Hartford breached its contract of insurance by not defending MJP in the Lawsuit.

17. MJP has been damaged in that it incurred substantial costs and attorneys' fees in the defense of the Lawsuit. Further, MJP incurred and continues to incur costs and attorneys' fees in the prosecution of the present suit for breach of contract and declaratory judgment.

WHEREFORE, MJP requests judgment against Hartford as follows:

A. For reimbursement of any and all costs, attorneys' fees and interest thereon incurred in the defense of MJP in the Lawsuit;

B. For costs and attorneys' fees incurred in the prosecution of the present action;

C. For such other and further relief as the Court may deem appropriate.

## COUNT II
### (Declaratory Judgment)

18. Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

19. MJP seeks a declaration that it is entitled to reimbursement of all attorneys' fees, costs, together with interest thereon incurred in the defense of the Lawsuit from Hartford.

20. MJP seeks a declaration that it is entitled to reimbursement of all attorneys' fees and costs, together with interest thereon incurred in bringing the present lawsuit.

WHEREFORE, MJP requests this Court enter an Order declaring the following:

A. That MJP is entitled to defense costs, attorneys' fees and interest in the Lawsuit from Hartford;

B. That MJP is entitled to reimbursement of its costs, attorneys' fees and interest in the present suit for breach of contract and declaratory judgment;

C. For such other and further relief as this Court deems appropriate.

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

By: _____
Clifton M. Mount
One Lafayette Center
Suite 300-S
1120 20th Street, N.W.
Washington, D.C. 20036
(202) 457-1600

Attorneys for Plaintiff

## MARYLAND RULE 1-313 CERTIFICATE

The undersigned hereby certifies that he is licensed to practice law in this State.

_____
Clifton M. Mount

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

_____
Clifton M. Mount

5